# MANDATE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 10th day of June two thousand and three.

Present:
    ROGER J. MINER,
    ROSEMARY S. POOLER,
              Circuit Judges.
    RICHARD W. GOLDBERG,[*]
              Judge.

*(FILED JUN 10 2004, Roseann B. MacKechnie, Clerk, United States Court of Appeals, Second Circuit)*

---

GAYLE CARPENTER,

                Plaintiff-Appellant,

       -v-                                     03-9194

CITY OF TORRINGTON, MARQUAM JOHNSON, BOARD
OF PUBLIC SAFETY OF THE CITY OF TORRINGTON,
MARY JANE GRYNIUK, THOMAS GRITT, JOHN FIELDS
and JAYE GIAMPAOLO,

                Defendants-Appellees.

---

Appearing for Plaintiff-Appellant:    JOHN R. WILLIAMS, New Haven, CT.

Counsel for Defendant-Appellee City of Torrington:
                MICHELLE HOLMES, Sack, Spector & Karsten, LLP,
                West Hartford, CT.

---

[*] The Honorable Richard W. Goldberg, Judge of the United States Court of International Trade, sitting by designation.

ISSUED AS MANDATE: 7/20/04

Counsel for Defendant-Appellee Marquam Johnson:
                        ALEXANDRIA L. VOCCIO, Howd & Ludorf, Hartford, CT.

        Appeal from the United States District Court for the District of Connecticut (Underhill, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's order be AFFIRMED.

        On September 15, 2003, the district court granted defendants' motion for summary judgment, issuing a ruling from the bench. The court dismissed Carpenter's sexually hostile work environment claims, finding that Carpenter failed to establish that (1) the sexually offensive conduct by defendant Marquam Johnson, chief of the fire department for the City of Torrington and Carpenter's direct supervisor, was committed against Carpenter on account of her gender and (2) that his purportedly abusive conduct was severe and pervasive. The court dismissed Carpenter's due process and the "class-of-one" claims, finding that there was no deprivation of a property or liberty interest because Carpenter did not suffer any loss of pay, benefits, or other material workplace consequences as a result of Johnson's activities. The court also dismissed Carpenter's class-of-one claim upon finding that she failed to submit evidence of malice. Finally, the court dismissed Carpenter's state court claims upon declining to exercise supplemental jurisdiction.

        Reviewing the case de novo, see Hayut v. State Univ. of New York, 352 F.3d 733, 743 (2d Cir. 2003), we find that the district court correctly dismissed all of Carpenter's claims. The court found that the acts allegedly committed by Johnson were not on account of Carpenter's gender, as required by Oncale v. Sundowner Offshore Serv., Inc., 523 U.S. 75, 80 (1998), because Johnson was equally, if not more, sexually offensive to male employees of the fire department. Moreover, the complained of incidents were not severe or pervasive because they primarily consisted of inappropriate comments that occurred only a handful of times over a four-year period. The district court dismissed Carpenter's class-of-one Equal Protection claim upon finding that she failed to establish that Johnson committed such acts with malice. We, instead, find that these claims should have been dismissed because Carpenter failed to establish that she was intentionally singled out for different treatment. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). As Carpenter concedes, Johnson's inappropriate treatment of her was similar to his treatment of other employees. Finally, Carpenter's Title VII retaliation claim was also correctly dismissed. No defendant ever disciplined Carpenter, reduced her pay, placed her on suspension, or removed any of her duties in response to her filing a complaint about Johnson's conduct towards her. Although she claims she was forced to share an office with a hostile co-worker and was given a "silent treatment," these claims do not amount to a "materially adverse change' in the terms and

2

conditions of employment." <u>Sanders v. New York City Human Res. Admin.</u>, 361 F.3d 749, 755 (2d Cir. 2004).

    We therefore AFFIRM.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK
by _____
DEPUTY CLERK

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
THURGOOD MARSHALL U.S. COURT HOUSE
40 FOLEY SQUARE
NEW YORK 10007

Roseann B. MacKechnie
CLERK

FILED
JUL 1 6 2004
Roseann B. MacKechnie, CLERK
UNITED STATES COURT OF APPEALS
SECOND CIRCUIT

Date: 6/10/04
Docket Number: 03-9194-cv
Short Title: Carpenter v. City of Torrington
DC Docket Number: 3:00cv02296 (SRU)
DC: United States District Court, District of Connecticut
DC Judge: The Honorable Stephan R. Underhill

## ITEMIZED AND VERIFIED BILL OF COSTS

Counsel for defendant, Marquam Johnson, respectfully submits, pursuant to Rule 39 (c) of the Federal Rules of Appellate Procedure the within bill of costs and requests the Clerk to prepare and itemized statement of costs taxed against the plaintiff-appelant, Gayle Carpenter,

and in favor of defendant-Appellee, Marquam Johnson for insertion in the mandate.

| | |
|---|---|
| Docketing Action | 03-9194-cv |
| Costs of printing appendix (necessary copies _____ ) | 0.00 |
| Costs of printing brief (necessary copies See attached ) | 85.06 |
| Costs of printing reply brief (necessary copies _____ ) | 0.00 |

(VERIFICATION HERE)
This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to all counsel of records this 22nd day of June, 2004.

_Alexandria L. Voccio_
Signature

STATEMENT OF COSTS
Taxed in the amount of $ 85.06 in favor of appellee

JUL 1 6 2004
Date

FOR THE COURT:
ROSEANN B. MacKECHNIE, Clerk
Tracy Young, Administrative Attorney

Costs of printing brief:

| | |
|---|---:|
| 31 pages @ .15 = $4.65 x 15 copies (9 copies – court, 2 copies each counsel of record) | $69.75 |
| Card Stock @ .10 = .20 x 15 copies | 3.00 |
| Brief Binding @ .50 x 15 | 7.50 |
| Taxes | 4.81 |
| Total Costs | $85.06 |

# IKON Office Solutions™

## Document Services

Phone: (860) 278-1555  Fax: (860) 278-6612
Federal ID #: 230334400

**INVOICE**  Page 1

| | |
|---|---|
| Invoice # | HAR068754 |
| Invoice Date | 03/12/2004 |
| Due Date | 03/22/2004 |
| Customer # | HAR-HOW6 |
| Order # | 04030315 |

**TERMS: Net 10 Days**

SOLD TO:
HOWD & LUDORF
65 WETHERSFIELD AVE
HARTFORD, CT 06114

SHIP TO:
HOWD & LUDORF
65 WETHERSFIELD AVE
HARTFORD, CT 06114

*Carpenter v. Johnson*

| Order Date | Ordered By | Reference / Case # | Account Manager |
|---|---|---|---|
| 03/11/2004 | ALEX VOCCIO | 38-10075 | STEVE PASSARO |

| Reference 2 | | Reference 3 | |
|---|---|---|---|

| | Description | Quantity | Unit Price | Extension |
|---|---|---|---|---|
| 567 | C Litigation | 589 | 0.150 | 88.35 |
| 619 | Card Stock | 40 | 0.100 | 4.00 |
| 1025 | Brief Binding 1-50pgs | 20 | 0.500 | 10.00 |

*21998*

Thank You for Using IKON Document Services

**PLEASE PAY FROM THIS INVOICE**

YOUR SIGNATURE BELOW IS AN AGREEMENT THAT THE ABOVE DESCRIBED WORK HAS BEEN AUTHORIZED AND RECEIVED. THE PARTY ABOVE ASSURES PAYMENT OF THIS INVOICE WITHIN 10 DAYS. ALL INVOICES ARE DUE UPON RECEIPT. INTEREST AT THE RATE OF THE LESSER 1.5% PER MONTH OR THE MAXIMUM LEGAL RATE WILL BE CHARGED ON INVOICES NOT PAID IN 10 DAYS. CUSTOMER AGREES TO PAY LEGAL FEES INCURRED IN THE COLLECTION OF PAST DUE ACCOUNTS.

| | |
|---|---|
| Taxable Sales: | 102.35 |
| Sales Tax: | 6.14 |
| Non-Taxable: | 0.00 |
| Postage: | 0.00 |
| Delivery: | 0.00 |
| **PAY THIS AMOUNT:** | **108.49** |

Received and approved by: _____   Date: _____