UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GAYLE CARPENTER | : | NO.: 3:00CV02296 (SRU) |
| | : | |
| v. | : | |
| | : | |
| CITY OF TORRINGTON, MARQUAM | : | |
| JOHNSON, THE BOARD OF PUBLIC | : | |
| SAFETY OF THE CITY OF | : | |
| TORRINGTON, MARY JANE GRYNIUK | : | |
| AND THOMAS GRITT | : | August 5, 2004 |

## **MEMORANDUM IN SUPPORT OF DEFENDANT'S BILL OF COSTS**

The defendant, Marquam Johnson, hereby submits this memorandum in support of his bill of costs dated July 23, 2004. The plaintiff objected to the bill of costs on several grounds, each of which is addressed below.

First, the plaintiff argues that the defendant failed to show that the plaintiff's deposition transcripts were used in the presentation of the defense's case. The defendant disagrees. The defendant submitted a verification from the undersigned indicated that the items in the defendant's bill of costs were necessarily incurred in this case. Portions of both deposition transcripts were attached as exhibits to the defendant's motion for summary judgment. Said motion, and exhibits, are part of the record.

Second, the plaintiff objects to the defendant's bill of costs for both the original and one copy of the deposition transcripts. Pursuant to Local Rule 54(c)(2)(ii), costs

for both an original and one copy of deposition transcripts are recoverable as costs if used in support of a successful motion for summary judgment or are necessarily obtained for the preparation of the case.

Third, the plaintiff objects to the defendant's request for costs for the court reporter's appearance fees.  Again, the defendant is entitled to the same pursuant to Local Rule 54(c)(2)(ii).

Fourth, the plaintiff objects to the defendant's request for shipping and handling fees.  Local Rule 54(c)(2)(ii) authorizes as costs subsistence and postage for filing of deposition transcripts.

Fifth, the plaintiff objects to the defendant's request for cost for a transcript of the oral argument regarding the defendant's motion for summary judgment.  As the Court is aware, the plaintiff appealed the Honorable Judge Underhill's ruling granting the defendant's motion for summary judgment.  The Court's ruling was given orally at the time of argument and was not set forth in a form of a written memorandum.  As such, obtaining a copy of the transcript was essential to the defense of the plaintiff's appeal.

Finally, the plaintiff objects to the defendant's bill of costs for copies of exhibits. The defendant maintains that the price of exhibit tabs and drilling two holes are authorized costs pursuant to Local Rule 54(c)(3)(i).  To the extent the Court disagrees, the costs at issue are only $7.14.

WHEREFORE, the defendant, Marquam Johnson, requests that the Court award the defendant's bill of costs as requested.

        DEFENDANT,
        MARQUAM JOHNSON


        By/s/Alexandria L.Voccio
          Alexandria L. Voccio
          ct21792
          Howd & Ludorf
          65 Wethersfield Avenue
          Hartford, CT  06114
          (860) 249-1361
          (860) 249-7665 (fax)
          e-mail: avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 5th day of August, 2004.

John R. Williams, Esquire
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT  06510

Michael O'Connell, Esquire
O'Connell, Flaherty & Attmore
280 Trumbull Street
Hartford, CT  06103-3598

Albert G. Vasko, Esquire
140 Main Street
Torrington, CT  06790

Scott M. Karsten, Esquire
Sack, Spector and Karsten, LLP
836 Farmington Avenue
West Hartford, CT  06119

/s/Alexandria L. Voccio
Alexandria L. Voccio